UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRACY LEE TAYLOR,

    Plaintiff,

    v.

N. GRANNIS, etc.; et al.,

    Defendants.

No. C 07-6380 MHP (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Tracy Lee Taylor, an inmate at Pelican Bay State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983 concerning interference with his religious freedom. Before the court reviewed his complaint, he submitted an amended complaint, which is now before the court for review pursuant to 28 U.S.C. §1915A.

## BACKGROUND

The amended complaint is quite incomplete, apparently relying on the reader to go through the exhibits to the original complaint to piece together a claim. The exhibits and pleadings indicate the following situation: Taylor wanted to use tobacco for some religious ceremony, prison officials at the California State Prison - Sacramento refused to allow it, Taylor filed a habeas action in Sacramento County Superior Court that apparently was partially successful, but he was then moved to Pelican Bay State Prison. At Pelican Bay, he again encountered resistance to his use of tobacco for some religious ceremony and again filed an action in state court. The Del Norte County Superior Court issued an order granting the writ and ordered the Department of Corrections and Rehabilitation "to make the tobacco

1 available for Taylor's use during the Wheel of Love ceremony. The Court would expect that
2 the amounts and frequency of the use would be consistent with that used by other inmates for
3 religious purposes. Nothing in this order should be interpreted to require the Department to
4 purchase the tobacco at its expense nor to allow the petitioner to keep the tobacco in his cell."
5 Complaint, Exh. F, p. 2. The Del Norte County Superior Court explicitly "retain[ed]
6 jurisdiction to ensure implementation of the order herein" and set the matter for a report on
7 November 9, 2007. Id. at 3. The pleadings and exhibits do not indicate what happened
8 thereafter in state court.

9 While the background is understandable, the amended complaint is unclear whether
10 Taylor is attempting to seek review and/or enforcement of the state court orders, it is unclear
11 what his particular RLUIPA claim is here, and it is unclear what his retaliation claim is and
12 who it is against. These details matter for purposes of determining the appropriate
13 defendants and whether a claim is stated.

**DISCUSSION**

A.   Review Of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2). A claim that is incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The amended complaint relies heavily on state court proceedings that may still be

2

pending. In fact, it appears that Taylor is trying to parlay the state court order for equitable relief into a damages claim here. See Amended Complaint, p. 1 ("Taylor prays for damages, but injunctive relief is not sought. Taylor has won his writ of habeas corpus for access to tobacco in order to perform religious exercise so damages can now be sought in this court.") State court orders are not enforceable in a federal civil rights action. The alleged violation of a state court order does not state a claim for relief under § 1983, as it is not a right secured by the Constitution or laws of the United States, the violation of which is a necessary element of a § 1983 claim. To the extent he wants to complain about the result in his state habeas action, his recourse is an appeal in state court and not a new action in federal court. A federal district court is a court of original jurisdiction and does not have appellate-type jurisdiction to review decisions from state court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). Finally, to the extent he wants to compel compliance with a state court order, the place to do that is in Del Norte Superior Court, the state court that issued the order. In fact, that court explicitly retained jurisdiction to ensure implementation of its order. The allegations regarding the state court action and activities therein may be relevant to a retaliation claim (in that they may show the reason for an alleged retaliatory action), but otherwise are largely irrelevant here. For example, the fact that the state court found an RLUIPA violation does not bind this court.

    The next problem in the amended complaint is that the allegations are unclear on the nature of the religious exercise Taylor is claiming. In his second amended complaint, Taylor must identify the religious exercise he wants to engage in that defendants are interfering with or prohibiting. Clarity on this point is important because various document indicates that the dispute could be about one or more of the following matters: whether he can engage in a particular ceremony, whether he can have ten pounds of tobacco, whether he can have the tobacco in his cell, whether he can be monitored while engaging in his ceremony, and whether the ceremony is connected to a religion.

    Taylor also needs to clarify in his second amended complaint whether he is claiming a

3

violation of his First Amendment religious freedom rights in addition to his claim of an RLUIPA violation. To establish a violation of the Free Exercise Clause of the First Amendment's right to freedom of religion, a prisoner must show the defendants burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith without any justification reasonably related to legitimate penological interests. See Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997). For a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, the plaintiff-prisoner must allege that the government has imposed a substantial burden on his religious exercise.

Taylor also mentions retaliation in his amended complaint. If he wishes to assert a retaliation claim, he must allege the necessary elements. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Finally, for each claim, Taylor must identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

B.   Motion For Counsel

Plaintiff filed a motion for appointment of counsel or to have the case referred to the pro bono project for appointment of counsel to represent him in this action. Cases are not referred to the pro bono project unless the court decides that appointment of counsel is warranted, so plaintiff's alternative requests are essentially seeking the same thing. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the

4

complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Exceptional circumstances requiring the appointment of counsel are not evident. The motion for appointment of counsel is denied.

**CONCLUSION**

The amended complaint is DISMISSED with leave to amend. The second amended complaint must be filed no later than **September 5, 2008**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his second amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the second amended complaint by the deadline will result in dismissal of this action.

The motion for appointment of counsel is DENIED. (Docket # 3.)

The clerk will file the amended complaint received at the court on April 1, 2008.

IT IS SO ORDERED.

Dated: July _31, 2008

_____
Marilyn Hall Patel
United States District Judge

5