Tracy Lee Taylor/E-13981
B-Facility.
P.o. Box 7000
Crescent City, Ca 95532

I N P

CHAMBERS

ORIGINAL

FILED

||||| 3 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA.

Tracy Lee Taylor
    Plaintiff

                                    Civil Action No: CV 07 6380 MHP
                                                        (PR)

        V

Nola Grannis, et al.,

        Defendants

MOTION FOR LEAVE TO FILE
AN AMENDED COMPLAINT

Plaintiff Tracy Lee Taylor, pursuant to rules 15(d) and 15(a),
Federal Rule of Civil Procedure., request leave to file an amended
complaint

1. The plaintiff in his original complaint did not include venue and
therefore did not fill out the complaint properly.

2. Since the filing of the complaint the plaintiff has more information
he would like to put into the complaint.

3. Plaintiff previously attempted to submit a first amended complaint
to the court but did not also submit with it a motion for leave

to file an amended complaint along with it.

**4** This Court should grant leave freely to amend a complaint Foman v. Davis, 371 U.S. 178, 182 (1462).

Date  July 29, 2008

Respectfully submitted

Tracy Taylor

P.O. Box 7500
Crescent City, Ca 95532.

1    COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

2

3    Name _Taylor_ _____ _Tracy_ _____ _L_ _____

4         (Last)          (First)          (Initial)

5    Prisoner Number _E-13981_

6    Institutional Address _B8-119; P.o. Box 7000; Pelican Bay State Prison_

7    _; Crescent City, Ca 95532_

8    ======================================================================

9                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
10
     _Tracy Lee Taylor_                    )
11   (Enter the full name of plaintiff in this action.)   )

12                   vs.                    )    Case No. _CV 07 6380 MHP (PR)_
                                            )    (To be provided by the clerk of court)
13   _N. Grannis; Chief Inmate Appeal Branch, Dir-_   )
                                            )    **COMPLAINT UNDER THE**
14   _office; Robert Horel, warden of P BSP;_ )    **CIVIL RIGHTS ACT,**
                                            )    **42 U.S.C §§ 1983**
15   _M.A. Cook; Associate Warden of PBSP;_ )

16   _R.G. Bliesner, Protestant chaplain of PBSP._ )
     (Enter the full name of the defendant(s) in this action))
17                                          )

18   *[All questions on this complaint form must be answered in order for your action to proceed..]*

19   I.    Exhaustion of Administrative Remedies

20         [**Note:** You must exhaust your administrative remedies before your claim can go

21         forward. The court will dismiss any unexhausted claims.]

22         A.    Place of present confinement _Pelican Bay State Prison_

23         B.    Is there a grievance procedure in this institution?

24               YES (✓)    NO ( )

25         C.    Did you present the facts in your complaint for review through the grievance

26               procedure?

27               YES(✓)    NO ( )

28         D.    If your answer is YES, list the appeal number and the date and result of the

     COMPLAINT                    - 1 -

1   appeal at each level of review. If you did not pursue a certain level of appeal,

2   explain why.  Pelican Bay State Prison   A 07-00132

3   1. Informal appeal __By pass__

4

5   _____ 2. First

6   formal level __January 24, 2007, Denied__

7

8

9   3. Second formal level __March 6, 2007  Denied__

10

11   _____ 4 Third

12   formal level __June 11, 2007,  Denied__

13

14

15   E.   Is the last level to which you appealed the highest level of appeal available to

16        you?

17             YES (X)      NO ( )

18   F.   If you did not present your claim for review through the grievance procedure,

19   explain why. __N/A__

20

21

22   II.   Parties

23   A.   Write your name and your present address.  Do the same for additional plaintiffs,

24        if any.

25   __Tracy Lee Taylor / E-13981__

26   __B 8-104;  P.O. Box 7000__

27   __Crescent City, Ca 95532__

28   B.   Write the full name of each defendant, his or her official position, and his or her

COMPLAINT                               - 2 -

1          place of employment.

2    N. Grannis, Chief Inmate Appeals Branch, Director office, 1515 S. Street; P.o. Box 942883

3    Sacramento, Ca. 94283-0001.
Robert Horel, warden of Pelican Bay State Prison, 5905 Lake Earl drive; P.o. Box 7000, Crescent

4    City, Ca. 95532.
M. A. Cook, Associate warden of Pelican Bay State Prison; 5905 Lake Earl Drive;

5    P.o. Box 7000; Crescent City, Ca 95532.
R. G. Bliesner, Protestant Chaplain of Pelican Bay State Prison; 5905 Lake Earl

6    Drive; P.o. Box 7000; Crescent City, Ca 95532.        III.

7 Statement of Claim

8       State here as briefly as possible the facts of your case. Be sure to describe how each

9 defendant is involved and to include dates, when possible. Do not give any legal arguments or

10 cite any cases or statutes. If you have more than one claim, each claim should be set forth in a

11 separate numbered paragraph.

12            See Attach Paper

13

14

15

16

17

18

19

20

21

22

23

24

25 IV.    Relief

26       Your complaint cannot go forward unless you request specific relief. State briefly exactly

27 what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

28

COMPLAINT                 - 3 -

1    See Attached Paper

2

3

4

5

6

7    I declare under penalty of perjury that the foregoing is true and correct.

8

9    Signed this ___29___ day of ___July_____, 20 _08_

10

11    _____

12    (Plaintiff's signature)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                           - 4 -

*I F P*

*MASTER*

*511*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

## INSTRUCTIONS FOR PRISONER'S
## IN FORMA PAUPERIS APPLICATION

You must submit to the court a completed Prisoner's In Forma Pauperis Application if you are unable to pay the entire filing fee at the time you file your complaint or petition. Your application must include copies of the prisoner trust account statement showing transactions for the last six months and a certificate of funds in prisoner's account, signed by an authorized officer of the institution.

### A.    Non-habeas Civil Actions

The filing fee for any civil action other than a habeas is $250.00. Even if you are granted leave to proceed in forma pauperis, you must still pay the full amount of the court's filing fee, but the fee will be paid in several installments. 28 U.S.C. § 1915.

You must pay an initial partial filing fee of 20 percent of the greater of (a) the average monthly deposits to your account for the 6-month period immediately before the complaint was filed or (b) the average monthly balance in your account for the 6-month period immediately before the complaint was filed. The court will use the information provided on the certificate of funds and the trust account statement to determine the filing fee immediately due and will send instructions to you and the prison trust account office for payment if in forma pauperis status is granted.

After the initial partial filing fee is paid, your prison's trust account office will forward to the court each month 20 percent of the most recent month's income to your prison trust account, to the extent the account balance exceeds ten dollars ($10.00). Monthly payments will be required until the full filing fee is paid. If you have no funds over ten dollars ($10.00) in your account, you will not be required to pay part of the filing fee that month.

**If your application to proceed in forma pauperis is granted, you will be liable for the full $150.00 filing fee even if your civil action is dismissed. That means the court will continue to collect payments until the entire filing fee is paid. However, if you do not submit this completed application the action will be dismissed without prejudice and the filing fee will not be collected.**

### B.    Habeas Actions

The filing fee for a habeas action is $5.00. If you are granted leave to proceed in forma pauperis you will not be required to pay any portion of this fee. If you are not granted leave to proceed in forma pauperis you must pay the fee in one payment and not in installments. **If you use a habeas form to file a non-habeas civil action, you will be required to pay the $150.00 filing fee applicable to all non-habeas civil actions.**

IFP APPLI.-PRISONER-Rev. 6/02

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Tracy Lee Taylor    Plaintiff,

vs.

Nola Grannis, et al.

Defendant.s

CASE NO. C 07  5295  MHP

PRISONER'S
APPLICATION TO PROCEED
IN FORMA PAUPERIS

I, Tracy Lee Taylor, declare, under penalty of perjury that I am the plaintiff in the above entitled case and that the information I offer throughout this application is true and correct. I offer this application in support of my request to proceed without being required to prepay the full amount of fees, costs or give security. I state that because of my poverty I am unable to pay the costs of this action or give security, and that I believe that I am entitled to relief.

In support of this application, I provide the following information:

1.    Are you presently employed?    Yes _____ No _X_

If your answer is "yes," state both your gross and net salary or wages per month, and give the name and address of your employer:

Gross: _____ Net: _____

Employer: _____

_____

If the answer is "no," state the date of last employment and the amount of the gross and net salary

PRIS. APPLIC. TO PROC. IN FORMA

1 and wages per month which you received. (If you are imprisoned, specify the last place of

2 employment prior to imprisonment.)

3 _____ _____ _____ Never worked _____

4 _____

5 _____

6 2.    Have you received, within the past twelve (12) months, any money from any of the following

7 sources:

8        a.    Business, Profession or                        Yes _____ No _Y_

9              self employment

10       b.    Income from stocks, bonds,                      Yes _____ No _Y_

11             or royalties?

12       c.    Rent payments?                                  Yes _____ No _x_

13       d.    Pensions, annuities, or                         Yes _____ No _x_

14             life insurance payments?

15       e.    Federal or State welfare payments,              Yes _____ No _x_

16             Social Security or other govern-

17             ment source?

18 If the answer is "yes" to any of the above, describe each source of money and state the amount

19 received from each.

20 _____

21 _____

22 3.    Are you married?                                      Yes _____ No _X_

23 Spouse's Full Name: _____

24 Spouse's Place of Employment: _____

25 Spouse's Monthly Salary, Wages or Income:

26 Gross $_____ _____ Net $_____

27 4.    a.    List amount you contribute to your spouse's support : $ _____

28       b.    List the persons other than your spouse who are dependent upon you for support
   PRIS. APPLIC. TO PROC. IN FORMA

PAUPERIS, Case No._____                    - 2 -

1  and indicate how much you contribute toward their support. (NOTE: For minor

2  children, list only their initials and ages. DO NOT INCLUDE THEIR NAMES.).

3  _____

4  _____

5  5.    Do you own or are you buying a home?    N/A    Yes ___ No _X_

6  Estimated Market Value: $_____ Amount of Mortgage: $_____

7  6.    Do you own an automobile?                    Yes ___ No ___

8  Make _____ Year _____ Model _____

9  Is it financed? Yes _____ No _____ If so, Total due: $ _____

10  Monthly Payment: $ _____

11  7.    Do you have a bank account?  Yes ___ No _X_ (Do not include account numbers.)

12  Name(s) and address(es) of bank: _____

13  _____

14  Present balance(s):  $ _____

15  Do you own any cash?  Yes ___ No ___ Amount: $ _____

16  Do you have any other assets? (If "yes," provide a description of each asset and its estimated

17  market value.) Yes ___ No _X_

18  _____

19  8.    What are your monthly expenses?    N/A

20  Rent: $ _____    Utilities: _____

21  Food: $ _____    Clothing: _____

22  Charge Accounts:

23  Name of Account          Monthly Payment              Total Owed on This Acct.

24  _____    $ _____    $ _____

25  _____    $ _____    $ _____

26  _____    $ _____    $ _____

27  9.    Do you have any other debts? (List current obligations, indicating amounts and to whom

28  they are payable. Do not include account numbers.)

PRIS. APPLIC. TO PROC. IN FORMA

PAUPERIS, Case No. _____          - 3 -

Filing Fee

1   $350.00 to United States District Court, Northern District of California,

2   .   for 42 U.S.C. §§1983   Case No. C 07 5295 MHP

3   10.   Does the complaint which you are seeking to file raise claims that have been presented in

4   other lawsuits?                                          Yes ___ No ⨯

5   Please list the case name(s) and number(s) of the prior lawsuit(s), and the name of the court in which

6   they were filed.

7   _____

8   _____

9       I consent to prison officials withdrawing from my trust account and paying to the court the

10   initial partial filing fee and all installment payments required by the court.

11       I declare under the penalty of perjury that the foregoing is true and correct and understand

12   that a false statement herein may result in the dismissal of my claims.

13

14   July 29, 2008                          _____

15   DATE                                   SIGNATURE OF APPLICANT

16

17

18

19

20

21

22

23

24

25

26

27

28   PRIS. APPLIC. TO PROC. IN FORMA
     PAUPERIS, Case No._____          - 4 -

, Tracy Lee Taylor E-15981

P.O. Box 7006
Crescent City, Ca 95532

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

Tracy Lee Taylor

    Plaintiff

    V

Nola Grannis, Chief Inmate Appeals.
Robert Horel, Warden of Pelican Bay State Prison
M.A. Cook, Associate Warden of Pelican Bay State Prison
R.G. Bliesner, Chaplain, at Pelican Bay State Prison

    Defendants

Civil Action No. CV 07 6380 MHP
(PR)

COMPLAINT

FIRST AMENDED COMPLAINT
FOR DAMAGES; DEMAND
FOR JURY TRIAL

## JURISDICTION

1.    This action arises under 42 U.S.C. § 1183 and jurisdiction is based upon 28 U.S.C. Section 1331 and 1343 (a) (3). also the court has supplemental jurisdiction over plaintiff State law claims under 28 U.S.C Section 1367.

## VENUE

2.    Venue is appropriate in this court because a substatial amount of the acts and omissions giving rise to this lawsuit occurred in this district.

INTRADISTRICT ASSIGNMENT

3.    This lawsuit should be assigned to the San Francisco Division of this court because a substantial part of the events or omissions which give rise to this lawsuit occurred in Del Norte County.

4.    Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202.

# GENERAL ALLEGATIONS

5.    This is a claim for damages brought under 42 U.S.C. & 1983 against prison employees for violation of plaintiff Tracy Lee Taylor rights for religious exercise as protected by federal law in the Religious Land Use and Institionalized Persons Act. 42 U.S.C. section 2000 cc-1 (a)(1)-(2) et seg and Penal Code > 5030.1.

Plaintiff request that the court have the Marshal serve this complaint on all defendants as allowed under 28 U.S.C. f 1915(d). Plaintiff has exhausted his administistrative remedies, and a copy of the inmate appeal grivance has been included with this complaint. exhaustion of state remedy is met.

## II
## PLAINTIFF

6.    Plaintiff is and was at all times mentioned herein a prisoner of the state of California in the custody of the Department of Corrections and Rehabilitation. He is currently confinded in Pelican Bay State Prison, in Crescent City, California.

## III
## DEFENDANTS

7.    Nola Grannis is the Chief of inmate's Appeals of the State of California for the Department of Corrections and Rehabilitation at 1515 S. Street. Sacramento Ca 95814; Post Box 942883, Sacramento Ca 94283-0001. She is legally responsible for reviewing all prisoner's inmate appeals grivance to ensure that prisoners rights are not viblated and to correct any and all violation's of those rights made by prison personnel. Defendant Nola Grannis acted under color of state law and is sued in her individual capacity.

(2)

8. Defendant Robert Horel is the warden of Pelican Bay State Prison at 5905 Lake Earl Drive, P.o Box 7000, Crescent City, Ca 95532. He is legally responsible for the operation of Pelican Bay State Prison and for the welfare of all the prisoners of that prison. Defendant Robert Horel acted under color of State law and is sued in his individual capacity.

9. Defendant M.A. Cook is associate warden of A-facility at Pelican Bay State Prison at 5905 Lake Earl Drive, P.o. Box 7000, Crescent City, Ca 95532. He is legal responsible for seeing that the operation's procedure's, regulations, and rule's are implemented and enforced in A-facility. he also is a committee member on the Religious Review Committee at Pelican Bay State Prison. Defendant M.A. Cook acted under color of State law and is sued in his individual capacity.

10. Defendant R.G. Bliesner is the supervising chaplain of A-facility at Pelican Bay State Prison at 5905 Lake Earl Drive, P.o. Box 7000 Crescent City, Ca 95532. He is legally responsible for facilitating the needs of all the various religious faiths on A-facility. He also is a committee member of the Religious Review Committee whose responsibility is reviewing and deciding on Prisoner's request for religious item's at Pelican Bay State Prison.

11. Each defendant, acted under the color of State law and is being sued in their individual capacity at all times mentioned in this complaint.

IV
FACTS

12. Plaintiff arrived at Pelican Bay State Prison on August 9, 2006 with a court order allowing plaintiff to receive tobacco products. Prison officials did not accept the finding's of the court order so on August 29, 2006 plaintiff had to refile an inmate Appeals Grievance seeking access to tobacco products for religious exercises.

13. On January 20, 2007 plaintiff was brought to A-facility chapel to talk to chaplain R.G. Bliesner; defendant inquired into plaintiff religious belief inorder to determine whether or not to grant plaintiff request for tobacco, defendant R.G. Bliesner was aware of the court order from the Superior Court of Sacramento, but ignored the order and denied plaintiff request for tobacco products based on the opion of defendant R.G. Bliesner that plaintiff did not effectively explain the relationship of tobacco, and the wheel of love ceremony to plaintiff religion

(3)

14.    On January 24, 2007 defendant M.A. Cook denied plaintiff request for tobacco products based on the opinion of defendant M.A. Cook that plaintiff did not adequately like the use of tobacco with plaintiff religion and that it was the practice of Pelican Bay State Prison to not allow any prisoner permission to order tobacco. Defendant Cook was aware of plaintiff court order from the Superior Court of Sacramento and ignored that order.

15.    On March 6, 2007 defendant Robert Horel inquiring into the religious beliefs of plaintiff in order to determine whether or not to grant plaintiff request for tobacco products. Defendant Horel denied plaintiff request for tobacco products on the opinion of defendant Horel that his research into plaintiff religion revealed insufficient documentation to support the claim of plaintiff that tobacco products are required to practice plaintiff faith. Defendant was aware of plaintiff order from the Superior court of Sacramento and ignored the order command.

16.    On June 11, 2007 defendant Nola Grannis denied plaintiff request for tobacco products on the opinion that the Department has a legitimate penological interest to deny plaintiff access to tobacco. Defendant Grannis was aware of plaintiff order from the Superior court of Sacramento and ignored the order.

17.    Plaintiff filed a writ of Habeas Corpus in the Superior court arguing that prison officials were interfering with his religious exercise by denying him access to tobacco products. and on June 28, 2007 the court issued an order to show cause re writ of Habeas Corpus.

18.    On October 18, 2007, the Superior court of Del Norte County granted plaintiff writ of Habeas Corpus. which in the ruling the judge stated that it appears the Department of Corrections and Rehabilitation did not in good faith comply with the order of the Superior court in Sacramento. By making the plaintiff go through the entire administrative

4

appeal's process again after the court's decision in Sacramento, it appears that the Department deprived the Petitioner of his rights under the Religious Land Use and Institutionalized Person's Act.

19.    Upon the granting of plaintiff writ of Habeas Corpus for access to tobacco products, plaintiff now seeks damages for deprivation of his rights under Religious Land Use and Institutionalized Person's Act.

### SUBSTANTIAL BURDEN IMPOSED BY PROGRAM RECEIVING FEDERAL FUNDS

20.    In January of 2007 defendants Bliesner and ~~Horel and~~ Cook attempted to have plaintiff forego his religious precepts by claiming that there was no evidence connecting the use of tobacco to the religion of Thelema. They knew that plaintiff had a sincerly held belief that tobacco products is used in his religious exercise. In the order granting petition in part, Denying in part and remanding by Sacramento Superior Court which they ignored, the court declared that plaintiff has shown that the wheel of love ceremony is a part of his religious exercise and that it requires tobacco.

21.    In June of 2007 defendant Grannis agreed with Horel whom in March of 2007 stated there was not enough documentation to support that tobacco products are required to practice plaintiff faith.

22.    As a result of defendants actions from January 20, 2007 through October 11, 2007 plaintiff was forced to forego his religious precepts.

23.    Pelican Bay State Prison is a part of the Department of Corrections and Rehabilitation whom is funded by California Legislature whom in turn receive some funds from the federal Government. that is used to run and build the prisons within the DCCR.

5

# BURDEN IMPOSED DID NOT PASS STRICT SCRUTINY

24    Defendants Grannis, Horel, Cook and Bliesner knew or should have known that the complete ban on plaintiff receiving tobacco products which they sought to impose from November 2006 through March 2007 did not further a compelling government interest and is the least restrictive means of doing so.

25    Plaintiff presented to defendants Grannis, Horel, Cook and Bliesner a copy of Sacramento Superior Court court order attached to the grivance in which commanded official's to evaluate plaintiff request for tobacco product's in of furthering a compelling government interest and is the least restrictive means of doing so, however even though they knew the request for tobacco products are to be decided based on both a compelling government interest and the least restrive means of doing it, defendants Horel, Cook, and Bliesner decision to impose a complete ban on tobacco product's aimed at plaintiff was instead based on there belief that there was not enough information available to grant plaintiff access to tobacco products. and although defendant Grannis claim that in addition to her belief that not enough information was provided but also it was in the prison's best interest to impose a complete ban for tobacco products towards plaintiff. it is clear that none of the defendants decision to impose a complete ban on tobacco products aimed at plaintiff did not further a compelling government interest and was the least restrictive means of doing so.

26    Finally although prisoner's are all allowed exemption's for tobacco product's and defendant Cook and Bliesner whom are committee members on the Religious Review committee are suppose to base there decision to grant or deny a request for religious items on furthering a compelling government interest and the least restrictive means of doing so clearly failed to do so, and both defendant Horel and Grannis reasons for denying plaintiff access to tobacco products was based on what they considered to be a lack of information to support the claim for tobacco and a guess that access to tobacco pose a security concern. the court found that none of the defendants burden it imposed on plaintiff passed strict scruting.

## REFUSAL TO OBEY
## COURT ORDER.

27.    Despite defendant's Grannis, Horel, cook and Bliesner ignoring Plaintiff first court order, upon information and belief defendant's Horel and Bliesner upon plaintiff receiving a second court order to receive tobacco products. From february 2008 through June 6,2008 plaintiff was again denied tobacco products.

## V
## CAUSES OF ACTION

28.    Plaintiff support the following claims by reference to the previous paragraphs of this complaint;

### Count 1

29.    The substantial burden on plaintiff religious exercise by defendants Grannis, Horel, Cook and Bliesner had deprived plaintiff of his right to religious exercise under the Religious Land Use and Institutionalized Persons Act.

### Count 2

30.    Defendants Grannis, Horel, Cook and Bliesner burden imposed on plaintiff of not allowing him to purchase tobacco amounted to a complete ban that did not pass strict scrutiny deprived him of his rights under the Religious Land Use and Institutionalized Persons Act.

## VI
## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this Court:

1. Declare that the acts and omissions described herein violated Plaintiff's rights under the Religious Land Use and Institutionalized Persons Act.

2. Enter judgment in favor of Plaintiff for nominal, compensatory and Punitive damages, as allowed by law, against each defendant , jointly and severally.

3. Plaintiff request the court to have defendants to pay all court fee's , cost's, and transportation to and from court, and lawyer fee's.

4. order such additional relief as this court may deem just and Proper.

Respectfully submitted this 29th day July - 2008

Tracy Lee Taylor
E-13381, B-facility
P. O. Box 7000
Crescent City, Ca 95531

# VERIFICATION

Pursuant to 28 U.S.C. § 1746. I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
Executed on July 29, 2008

_____
Tracy  Lee  Taylor

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region
1. PBSP

Log No.
1. A-07- 00132

Category
(11/5)
RELIGIOUS
ACCESS TO
TOBACCO

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Tracy Taylor | E-13981 | | A4-222 |

**A. Describe Problem:** I have been practicing my religion for over 30 year's I'm a Thelema follower, I have discourse with angles, through magick. Practicing my beliefs have been documented and allowed in the department since 5-31-00 and every prison I'm transfered too I filed 602's too be allowed to practice in that prison and a program is set up so I may do so. this makes me have a genuine and sincere belief in my particular practice as mandated in Lafevers v saffle (10th cir. 1991 936 F.2d 1117, 1118) I perform a religious ceremony call a wheel of love which is a departmentally approve religious ceremony. which use Tobacco product's. I have been using tobacco products from 1989 too date. Sec 6 section 5050.1 (a) mandate that the Director of Correction provide

If you need more space, attach one additional sheet.

**B. Action Requested:** a modification order issued - Prisoner Taylor / E-13981 while incarcerated in the Department of Corrections and Rehabilitation Shall be allowed receipt of Tobacco product's/and pe and rolling papers, 10 pounds minimum weight each, per order, exclusive of religious purchases. To be sent vendor's of Prisoner ~~inmate~~ choice. He Shall be allowed to receive, possess and use tobacco products for religious reason

Inmate/Parolee Signature: Tracy Tracy    Date Submitted: 11-28-06

**C. INFORMAL LEVEL (Date Received: _____ )**

Staff Response: _____

**BYPASS**

Staff Signature: _____    Date Returned to Inmate: _____

STAMPED IN ERROR

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

INMATE APPEALS BRANCH
MAR 14 2007

**BYPASS**

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

NOV 30 2006    DEC 21 2008    JAN 29 2007
16    26   1ST AW-6P    2ND APPEAL

Exhibit A
1 of 8 pages.

exemption for Tobacco to inmates for their departmentally approved Religious ceremony. To not allow me to receive tobacco products when the Department own Rules mandate that the director ~~provid~~ allow me to purchase Tobacco products, will force me to forego my religious precepts (a violation of Midrash Sephardi, Inc - V - Town of Surfside (11th Cir. 2004) 366. F. 3d 1214, 1227). Sec 6. Section 5050 (C2) which mandate that the director allow me to purchase tobacco products is an administrative regulation. and it has been well settled that an administrative regulation has the force of law, and is binding on the whole Department of Corrections and Rehabilitation (DOCR). (See. United States V. Nixon (1974) 418 U.S. 683, 695-696 [94 S.Ct. 3090; 41 L. Ed 2d 1039]; and, Agricultural Atkins. V. Rivera (1986) 477 U.S. 154 [106 S.Ct. 2456; 91 L.Ed. 2d 131]and, Agricultural Labor Relations Board v. Superior Court (1976) 16 Cal. 3d 392; 401 & 128 Cal. Rptr. 183]. This means the DOCR must follow it's own rules, even when the DOCR perferred not to because of the benefit resulting to prisoners. (See In Re Reina (1985) 171 Cal. App. 3d 638 [217 Cal. Rptr. 535] and In re French (1980) 106 Cal. App. 3d 74, 85, n. 24 [164 Cal. Rptr. 809].

The Religious Land Use and Institutionalized Persons Act. (RLUIPA), 42. U.S.C. Section 2000cc-1 (a) (1)- (2) et seq. mandate that I be given religious items to practice my Religion. In 2005 the legislature of California banned tobacco products from the DOCR. this was soly done, or aimed at health in the workplace, and not banned because tobacco products pose a risk to the safty of the prison this was clearly demonstrated when the legislature provided the exemption clause for tobacco products, in the law that bans tobacco from the DOCR. Therefore there is no compelling government interest to deny me access to tobacco products. The DOCR receives federal funding for it's prisons and thereby mandated to comply with the RLUIPA. I transfered with Tobacco in my religious property which shows I use it for religious reasons. Native Americans are allowed to use it here at P.B.S.P. and to deny me would be discrimination based on religion.

Rules governing this appeal is

Religious Land Use and Institutionalize Persons Act. 42. U.S.C. Section 2000cc-1 (a) (1)- (2). et seq.

Exhibit C
2 of 8

# FIRST LEVEL APPEAL RESPONSE

DATE:                        January 24, 2007
APPEAL NUMBER:               PBSP-A - 07 - 00132
INMATE:                      Taylor,
CDCR NUMBER:                 E-13981
APPEAL DECISION:             **DENIED**
APPEAL ISSUE (MODIFIED):

The inmate's request a Modification Order stating that while he is incarcerated in the Department of Corrections and Rehabilitation, that he be allowed to order by Special Religious Purchase, a minimum of 10 pounds of tobacco, pipe, and rolling paper.

FINDINGS:

Chaplain R.G. Bliesner was assigned to investigate your complaint at the First Level of Review. A review of your appeal, attachments, and prior staff responses has been completed. During the course of the investigation, the following information was noted:

On Saturday, January 20, 2007, Chaplain R.G. Bliesner, Protestant Chaplain, Pelican Bay State Prison (PBSP) called you over to the Facility A Chapel to conduct an interview and inform you of the Religious Review Committee's findings concerning your Thelema Religion issues. Chaplain Val Lemos, Native American Spiritual Leader was also present at the interview. You were told during the interview that you have not provided adequate justifications linking your stated religion, Thelema, and your inclinations toward magic ceremonies, to your religious property held at Receiving & Release (R&R) as essential elements to your religious practice. You communicated the importance of tobacco as essential to your practice of your magic ceremonies, but could not provide the information that connects the need for access to tobacco with the religion of Thelema. You did effectively explain the relationship of tobacco to a ceremony called the "Wheel of Love", but you could not connect this ceremony to your stated religion of Thelema. The inmate's request for 10 pounds of tobacco was grandiose in nature. 10 pounds of tobacco would last him for many years according to his explained needs.

I assured the inmate that it was PBSP's aim to provide the tools to every inmate that has a legitimate desire to practice his religion. The Religion Department is committed to help inmate Taylor when all of the details are worked out.

DETERMINATION OF ISSUE:

A thorough review of the allegation presented in this complaint has been completed. Based on the fact that you could not adequately link the use of tobacco with the religion of your choice, Thelema, and that no inmate at PBSP is permitted to order tobacco, a modification order is not necessary at this time, therefore, this appeal is **DENIED**.

S. L. KAYS
Facility Captain
Facility A

M. A. COOK
Associate Warden
General Population

Exhibit C
4 - of 8

| PELICAN BAY STATE PRISON |
| SECOND LEVEL REVIEW |

DATE:   MAR 0 6 2007

Inmate TAYLOR, E-13981
Pelican Bay State Prison
Facility A, General Population
Building 4, Cell 222

RE: WARDEN'S LEVEL DECISION                              APPEAL: DENIED
    APPEAL LOG NO. PBSP-A-07-00132                       ISSUE: PROGRAM

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP).
R. Bliesner, Protestant Chaplain, interviewed the inmate on January 20, 2007, at the First Level of
Appeal Review.

### ISSUES

Inmate Taylor requests to possess tobacco products.

### FINDINGS

#### I

The inmate claims he needs ten pounds of tobacco products to practice his Thelemaian faith.

#### II

The California Code of Regulations, Title 15, Section 3210 (a), states that institution heads shall make
every reasonable effort to provide for the religious and spiritual welfare of all interested inmates, which
may include affording inmates with a reasonable accommodation.

### DETERMINATION OF ISSUE

Research of the Thelema religion was conducted at the Second Level of Review which resulted in
literature being obtained from the Metareligion internet site which states, *"Not every Thelemite utilizes
all the practices available, there is considerable room for each individual practitioner to choose
practices which are suitable to his or her individual needs.   Some of these practices are.....prayer,
meditation, study of religious texts (those of Thelema and of other religions as well), chanting, symbolic
and initiatory ritual, devotional exercises, self-discipline, etc. "*   According to Thelemic doctrine, the
expression of Divine Law is to "discover one's True Will or true purpose in life, and to accomplish it;
leaving others to do the same in their own unique way."

As a result, a determination has been made that there is insufficient documentation to support the
inmate's claims that tobacco products are required to practice the Thelemaian faith to justify a
reasonable accommodation; therefore, the APPEAL IS DENIED.



Exhibit C
5-of 8

Page 3/c

Supplement Page 2
TAYLOR, E-13981
Appeal # PBSP-A-07-00132

MODIFICATION ORDER

No modification of this action or decision is required.

ROBERT A. HOREL
Warden

BDS #51 2-28-07

Exhibit - B C
6 - OF 8

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

C-FILE

Date: JUN 1 1 2007

In re: Taylor, E-13981
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

*Pg 25*

*Exhibit - X*

IAB Case No.: 0611602

Local Log No.: PBSP 07-00132

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that the Pelican Bay State Prison (PBSP) has inappropriately denied him the ability to practice his religion "thelema." The appellant asserts that he has been practicing this religion for thirty years, and at other institutions he was allowed to possess tobacco. The appellant contends that the tobacco is used in a religious ceremony. The appellant requests to obtain ten (10) pounds of tobacco to be used for religious ceremonies.

II  SECOND LEVEL'S DECISION: The reviewer found that the appellant was unable to articulate the nexus between his religion, thelema, and a requirement that tobacco be used during a religious ceremony. The reviewer noted that the basic tenets of the thelema religion dictate that the follower may not utilize all practices that are available to other thelemites and there is considerable room for each individual practitioner to choose practices which are suitable to their individual needs. Some of the practices are prayer, meditation, study of religious texts, chanting, symbolic and initiatory ritual, devotional exercises, self discipline, etc. The reviewer found that the appellant's request for 10 pounds of tobacco was grandiose in nature; and the appellant's assertion that the tobacco was used for a "wheel of love" ceremony was not supported by the basic tenets of the thelema literature. The reviewer noted that the PBSP would assist the appellant relative to the practice of his religious beliefs; however, the appellant's request for tobacco is denied.

III DIRECTOR'S LEVEL DECISION: Appeal is denied.

A. FINDINGS: The Director's Level of Review (DLR) contacted B. Smith, Community Resources Manager, relative to the appellant's appeal. Mr. Smith stated that the use of tobacco in Native American Indian (AMI) ceremonies is well documented and is recognized as a long standing ritual. The use of tobacco in thelema ceremonies is not historically documented as a standard practice. Mr. Smith noted that the tobacco used by the AMI is extremely regulated in that the AMI spiritual advisor maintains possession and control over all tobacco and only provides AMI inmates the minimum amount required to use during the ceremony. Additionally, the AMI inmates must practice their ceremony in a secure setting away from other inmates. The appellant's request to possess ten pounds of tobacco is contrary to penological interests in that the tobacco would not be secure. Mr. Smith noted that the appellant is free to practice his religion utilizing some other less restrictive means.

The documentation and arguments are persuasive that the appellant has failed to support his appeal issues with sufficient evidence or facts to warrant a modification of the Second Level of Review. The DLR concurs with the PBSP position and the information provided by Mr. Smith. The DLR notes that since tobacco has been banned in the CDCR institutions its value has dramatically increased and the inmate population is smuggling tobacco into the institution's secure perimeter. Tobacco in the institution may be sold for as much as $5.00 per cigarette, and based upon this high profit margin the inmate population has *resorted to extreme measures* to obtain tobacco. The appellant's request to possess ten pounds of tobacco, without any staff supervision, would present an extreme security violation in that the appellant could sell some of the tobacco, or other inmate's may forcefully take the tobacco from the appellant. The DLR finds that CDCR has a legitimate penological interest to deny the appellant access to tobacco. The

TAYLOR, E-13981
CASE NO. 0611602
PAGE 2



appellant has been advised that other less restrictive means are available for the practice of his religion.
Therefore no relief is provided at the DLR.

**B.  BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3000, 3001, 3006, 3187, 3188, 3189, 3210, 3270,
3380
CDC Operations Manual Section: 53040

**C.  ORDER:**  No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, PBSP
        Appeals Coordinator, PBSP

, Tracy Lee Taylor E-13981

E 23

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CHALIFORNIA

Tracy Lee Taylor
   Plaintiff

VS

N. Grannis, Chief inmate Appeal, et al.,
   Defendants

CIVIL ACTION NO:
   CV 07 6380 MHP

MOTION TO PROCEED IN FORMA
PAUPERIS AND FOR
APPOINTMENT OF COUNSEL

1.   I am the plaintiff in the above titled action.

2.   I believe I am entitled and intend to bring this action in the United States District court for the Northern District of California against the above named defendants.

3   This action seeks to enjoin those defendants from acting willfully with gross disregard of plaintiff rights to practice my religion free from harrassment, retaliation, and I seek damages in the full amount of
For the deprivation of plaintiff rights.

4.   I believe that I am entitled to redress sought in this action.

5.   I have read and know the contents of the complaint and believe them to be true.

6.   I have assers of 0      in my inmate trust account. The only income I have available, income and money is that which I receive in donations from my family.

7.   Because of my property I am unable to pay the cost of this action, or to give security therefore or to employ an attorney.

I declare under the penalty of perjury that the statement is true and correct. Executed on this 29 day of July    at    here it crescent city California.

By   _Tracy Lee Taylor_

Tracy Lee Taylor E-13981

23

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

Tracy Lee Taylor
    Plaintiff

CIVIL ACTION: CV07 6380 MHP
PROPOSED ORDER

N. Grannis, Chief Inmate Appeals, et al.

    This matter having come on regular for hearing before the undersigned Judge on this motion of the plaintiff for leave to proceed with action in forma pauperis and for appointment of counsel, and it is appearing to the court that plaintiff is entitled to the relief he seek by this motion. It is hereby.

    Ordered that plaintiff is authorized to proceed with this action in forma pauperis, without being required to pay fee's and costs or give security for them and it is further ordered that any recovery in this action shall include payment to the clerk by defendants who may pay there from all unpaid fees and cost taxed against the plaintiff and remit the balance to the plaintiff and it is further ordered that an attorney from the pro bono project: a member from the California Bar association _____ is hereby ordered or the District court so ordered

Date

UNITED STATES DISTRICT JUDGE

Tracy Taylor
'88 - 114
P.O. Box 7000
Crescent City, Cu 95532

29

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA


Tracy Taylor
    Plaintiff

    VS

N. Grannis, Chief inmate appeals Branch
Robert Horel, Warden of P.BSP.
M.A. Cook, Associate Warden of PBSP.
R.G. Bliesner, Chaplain at PBSP.

In their individual capacities

    Defendants

SUMMONS
Civil Action No. CV 07 6380 MHP


TO THE ABOVE DEFENDANTS:

    you are hereby summoned and required to serve upon the plaintiff, whos address is
Tracy Taylor. E-13981; B-Facility; P.O. Box 7000, Pelican Bay State Prison, Crescent City
, California, 95532. An answer to the Complaint which is herewith served upon
you, within 20 days after service of this Summons upon you, exclusive of the day of
service or 60 days. if the U.S. Government or officer/agent thereof is a defendant.
If you fail to do so, Judgment by default will be taken against you for the relief
demanded in the Complaint



    Date



UNITED STATES POSTAGE
PITNEY BOWES
$ 04.80⁰
02 1M
0004217666    JUL 29 2008
MAILED FROM ZIP CODE 95531

PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City CA 95532

Office of the Clerk, U.S. District Court
Northern District of California

450 Golden Gate Avenue

San Francisco, California 94102

PELICAN BAY
SHU
UNIT B-6

LEGAL MAIL