Tracy Lee Taylor
E-13981    A- Facility
P. O. Box 7000
Crescent City, Ca 95532

IN PROPRIA PERSONAM



FILED

AUG 1 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

Tracy Lee Taylor

    Plaintiff

    v

Nola Grannis, in her individual
capacity; Robert Horel, in his
individual capacity; M. A. Cook,
in his individual capacity;
R. G. Bliesner, in his individual
capacity.

    Defendants

Civil Action No: CV 07 6380 MHP (pr)

COMPLAINT

SECOND AMENDED COMPLAINT
FOR DAMAGES; DEMAND FOR
JURY TRIAL

I

JURISDICTION

1.    This action arises under 42 U.S.C. § 1983 and jurisdiction
is based upon 28 U.S.C. Section 1331 and 1343 (a) (3) also the court has
supplemental jurisdiction over plaintiff state law claims under 28 U.S.C. Section 1367

II

VENUE

2.    Venue is appropriate in this court because a substantial
amount of the acts and omissions giving rise to this lawsuit occurred in this
district.

III

INTRADISTRICT ASSIGNMENT

3.    This lawsuit should be assigned to the San Francisco Division of this court because a substantial part of the events or omissions which give rise to this lawsuit occurred in Del Norte county.

4.    Plaintiff seeks declaratory relief pursuant to 28 U.S.C. section 2201 and 2202

IV

GENERAL ALLEGATIONS

5.    This is a claim for damages brought under 42 U.S.C § 1983 against defendants Nola Grannis, Robert Horel, M.A. cock, and R.G. Bliesner for intentionally and willfully violating plaintiff Tracy Lee Taylor right to religious exercise as protected by the Religious Land Use and Institutionalized Persons Act 42 U.S.C § Section 2000 cc-1 (a) (1)-(2) et seq; and Penal code § 5030.1

    Plaintiff has exhausted his administrative remedies and a copy of the inmate appeals Grivance has been included with this complaint thus exhaustion of state remedies is met.

V.

PARTIES

6.    Plaintiff Tracy Lee Taylor is and was at all times mentioned herein a prisoner of the State of California in the custody of the Department of Corrections and Rehabilitation. He is currently confinded in Pelican Bay State Prison in Crescent City, California.

7.    Defendant Nola Grannis is the Chief inmate of appeals of the State of California for the Department of Corrections and Rehabilitation at 1515 S Street. Sacramento Ca 95814; P.O. Box 942883, Sacramento, Ca 94283-0001. She is legally responsible for reviewing all prisoners inmate appeals grivance to ensure that prisoners rights are not violated and to correct any and all violation of the prisoners rights made by prison officials. Defendant Nola Grannis acted under color of state law and is sued in her individual capacity.

8. Defendant Robert Horel is the warden of Pelican Bay State Prison at 5905 Lake Earl Drive, P. O. Box 7000, Crescent City, California 95531. He is legally responsible for the operation of Pelican Bay State Prison and also for the welfare of all the prisoners of that prison. Defendant Robert Horel acted under color of State Law and is sued in his individual capacity.

9. Defendant M.A. Cook is Associate Warden of A·Facility at Pelican Bay State Prison at 5905 Lake Earl Drive, P. O. Box 7000, Crescent City, California 95531. He is legal responsible for seeing that the operations, procedures, regulations and rules are implemented and enforced in A·facility. He also is a member on the Religious Review Committee at Pelican Bay State Prison. Defendant M. A. Cook acted under color of State Law and is sued in his individual capacity.

10. Defendant R. G. Bliesner is the supervising chaplain of A·facility at Pelican Bay State Prison at 5905 Lake Earl Drive, P. O. Box 7000, Crescent City, California 95531. He is legally responsible for facilitating the needs of all the various religious faiths on A·facility. He also is a member on the Religious Review Committee whose responsibility are to review and decide whether to grant or deny prisoners request for religious items at Pelican Bay State Prison. Defendant R. G. Bliesner acted under the color of State Law and is sued in his individual capacity.

## V̄ I
## FACTUAL ALLEGATIONS
Imposed Substantial Burden On Religious Exercise. That Did Not Pass Strict Scrutiny.

11. The State of California receive federal funds for it's prison's and thus the prisons of California which include Pelican Bay State Prison must follow the provisions of the Religious Land Use and Institutionalized Persons Act.

12. Plaintiff arrived at Pelican Bay State Prison on September, 2006. On November 29, 2006 plaintiff sought to receive Tobacco for his religious ceremony. Tobacco is allow for prisoners religious ceremonies.

13. On January 20, 2007 plaintiff was brought to A· facility chapel to talk to Chaplain R. G. Bliesner. Defendant R. G. Bliesner told plaintiff that his request for tobacco products was being denied because plaintiff did not effectively explain the relationship of tobacco and the religious ceremony called wheel of love to plaintiff religion. Defendant R. G. Bliesner denial of Tobacco products for religious exercise violated plaintiff rights under the Religious Land Use and Institutionalized Persons Act by imposing a burden that did not further a compelling government interest and was not the least restrictive means of doing so.

14. On January 24, 2007 defendant M. A. Cook denied plaintiff request for tobacco products because defendant M. A. Cook determined that plaintiff did not adequately link the use of tobacco with plaintiff religion and it was not the policy of Pelican Bay State Prison to allow prisoners access to tobacco products. Defendant

M.A. Cook denial of tobacco products for plaintiff religious exercise violated his rights under the Religious Land Use and Institutionalized Person's Act by imposing a burden on plaintiff religious exercise that did not further a compelling government interest and was not the least restrictive means of doing so.

15.     On March 6, 2007 defendant Robert Horel denied plaintiff request for tobacco products for his religious exercise because defendant Horel formed the opinion after researching into plaintiff religious's belief that insufficient documentation existed that would support the claim of tobacco is required to practice plaintiff religious faith, defendant Horel action violated plaintiff rights under the Religious Land Use and Institutionalized Persons Act by imposing a burden on plaintiff religious exercise that did not further a compelling government interest and was not the least restrictive means of doing so.

16.     On June 11, 2007 defendant Noia Grannis denied plaintiff request for tobacco products on defendant Noia Grannis opinion that the use of Tobacco in plaintiff Religion ceremonies is not historically documented as a standard practice. and the Department of Corrections and Rehabilitation has a legitimate penological interest to deny plaintiff access to tobacco because plaintiff request to possess ten pounds of tobacco, without any staff supervision, Defendant Grannis denial of Tobacco Products violated plaintiff religious rights under the Religious Land Use and Institutionalized Persons Act by imposing a burden on plaintiff religious exercise that did not further a compelling government interest and was not the least restrictive means of doing so.

## Defendants Gross Disregard of Plaintiff Rights.

17.     Defendant R.G. Blesner is a member of the Religious Review committee. the regulation in which the Religious Review Committee is mandated to abide by when they decide to grant or deny a prisoner request for religious items calls for the Committee to make their decision in accordance with the Religious Land Use and Institutionalized Person's Act. Defendant Blesner knew that plaintiff had a court order from Sacramento Superior Court partially granting his writ, commanding officials to consider plaintiff request for Tobacco yet defendant Blesner ignored the order when considering plaintiff request for Tobacco. Defendant Blesner knew or should have known that prison regulations gives prisoners Tobacco exemption for religious ceremonies. Those acts were a gross disregard for plaintiff rights.

18.     Defendant M.A. Cook is a member of the Religious Review Committee (RRC) and the regulation in which the RRC is mandated to abide by when deciding

whether or not to grant a prisoner request for religious item's calls for the Committee to make their decision in accordance with the Religious Land Use and Institutionalized Persons Act. which defendant Cook willfully and knowingly ignored. A State law, and Prison regulation was already in place that allows prisoners to be exemption for tobacco products which defendant Cook willfully and knowing ignored when deciding whether or not to grant petitioner request for Tobacco products on January 24, 2007 also Defendant Cook knew of the order from a Superior court commanding prison officials to reevaluate plaintiff request for tobacco in accordance with the Religious Land Use and Institutionalized Persons Act and willfully and knowingly ignored plaintiff rights Those acts was a gross disregard for plaintiff rights.

19.    Defendant Robert Horel knew that the decision to grant or deny Plaintiff request for tobacco products was suppose to have been done in accordance with the Religious Land Use and Institutionalized Persons and willfully and knowingly disregarded plaintiff rights on March 6, 2007 when defendant Horel denied plaintiff request for tobacco products on the grounds of not enough information provided to link the use of tobacco to plaintiff religious beliefs, also at the time defendant that defendant Horel denied plaintiff request for tobacco products, defendant Horel knew a state law and Prison regulation existed that allowed prisoners to receive a tobacco exemption for religious ceremonies. Those act was a gross disregard for plaintiff rights.

20.    Defendant Nola Grannis knew that State law and Prison regulation was in place that allowed exemption for tobacco to prisoner for their religious ceremonies and still willfully and knowingly denied plaintiff request for tobacco on June 11, 2007 also defendant Grannis knew that any substantial burden imposed on plaintiff must further a compelling Government interest and the least restrictive means of doing so as mandated by the Religious Land Use and Institutionalized Persons Act and willfully and knowingly ignored plaintiff rights under the Religious Land Use and Institutionalized Persons Act. when defendant Grannis denied plaintiff request for tobacco products on June 11, 2007 Those Acts by defendant Grannis was a gross disregard for plaintiff rights.

# VII

## CAUSE OF ACTION

21.   Plaintiff support the following claims by reference to the previous paragraphs of this Complaint.

### Count I

22.  The imposing of substantial burden on Religious exercise that did not pass strict scrutiny by defendants, Bliesner, Cook, Horel and Grannis had prevented plaintiff from receiving tobacco products for religious ceremonies. this deprived plaintiff of his rights under the Religious Land Use and Institutionalized Persons Act. 42 U.S.C.F Section 2000 cc-1 (a)(1)-(2) et seg.

### Count II

23.   Defendants Bliesner, Cook, Horel and Grannis Knowing that State law, court order, and prison regulations existed that allowed prisoners to be given tobacco products for their religious ceremonies, and that plaintiff request for tobacco products was suppose to be evaluated under the religious Land Use and Institutionalized Persons Act but instead of following the Religious Land Use and Institutionalized Persons Act provisions defendants Bliesner, Cook, Horel, and Grannis willingly and knowingly ignored plaintiff rights, Constituting a Gross disregard for plaintiff rights.

# VIII
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Declare that the acts and omissions described herein Violated Plaintiff rights under the Religious Land Use and Institutionalized Persons Act.

2. Enter judgment in favor of plaintiff for nominal, compensatory and punitive damages, as allowed by law, against each defendant, Jointly and severilly.

3. Plaintiff request the court to have defendants to pay all court fee's, cost, and transportation fee to and from court, and lawyer fee's.

4. Order such additional relief as this court may deem just and proper.

Respectfully submitted this 14 day of August of 2008

Tracy Lee Taylor
E-13981  A-Facility
P.O. Box 7000
Crescent City, La 95532

# VERIFICATION

Pursuant to 28 U.S.C. § 1746. I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 14, 2008

Tracy Lee Taylor

Tracy Taylor
B8-114
P.O. Box 7000
Crescent City, Ca 95532

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

Tracy Taylor
    Plaintiff

VS

N. Grannis, Chief Inmate appeals Branch
Robert Horel, warden of P.B.S.P.
M.A. Cook, Associate Warden of PBSP.
R.G. Bliesner. Chaplain. at PBSP.

In their individual capacities

    Defendants

SUMMONS
Civil Action. No. CV 07 6380 MHP

TO THE ABOVE DEFENDANTS:

    You are hereby summoned and required to serve upon the plaintiff, whos address is
Tracy Taylor. E-13981; B-Facility; P.o. Box 7000. Pelican Bay State Prison, Crescent City
, California, 95532. An answer to the Complaint which is herewith served upon
you, within 20 days after service of this Summon's upon you, exclusive of the day of
service or 60 days, if the U.S. Government or officer/agent thereof is a defendant.
If you fail to do so, Judgement by default will be taken against you for the relief
demanded in the Complaint

Date

Tracy Lee Taylor E-13981

10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

Tracy Lee Taylor
   Plaintiff

                                        CIVIL ACTION
                                        PROPOSED ORDER

N. Grannis, Chief Inmate Appeals, et al.

        This matter having come on regular for hearing before the
undersigned Judge on this motion of the plaintiff for leave to proceed
with action in forma pauperis and for appointment of counsel, and it is
appearing to the court that plaintiff is entitled to the relief he seek by
this motion. It is hereby.

        ordered that plaintiff is authorized to proceed with this action in
forma pauperis, without being required to pay fees and costs or give
security for them and it is further ordered that any recovery in this action
shall include payment to the Clerk by defendants who may pay there from
all unpaid fees and cost taxed against the plaintiff and remit the balance
to the plaintiff and it is further ordered that an attorney from the pro bono
project: a member from the California Bar association _____
is hereby ordered or the District court so ordered

Date

                              UNITED STATES DISTRICT JUDGE

Tracy Lee Taylor E-13981

Fga2      11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CHALIFORNIA

Tracy Lee Taylor
   Plaintiff

VS

N. Grannis, Chief Inmate Appeal, et al.,

CIVIL ACTION NO.

MOTION TO PROCEED IN FORMA
PAUPERIS AND FOR
APPOINTMENT OF COUNSEL

1. I am the plaintiff in the above titled action.

2. I believe I am entitled and intend to bring this action in the United states District court for the Northern District of California against the above named defendants.

3. This action seeks to enjoin those defendants from acting willfully with gross disregard of plaintiff rights to practice my religion free from harrassment, retaliation, and I seek damages in the full amount of For the deprivation of plaintiff rights.

4. I believe that I am entitled to redress sought in this action.

5. I have read and know the contents of the complaint and believe them to be true

6. I have assets of            in my inmate trust account. The only income I have available, income and money is that which I receive in donations from my family.

7. Because of my poverty I am unable to pay the cost of this action, or to give security therefore or to employ an attorney.

I declare under the penalty of perjury that the statement is true and correct. Executed on this 14 day of August of 2008 here at Crescent City California.

            Tracy Lee Taylor

.....ATE/PAROLEE
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1.



Log No. ,A-07- 00132   Category (11)5

RECIEERS ACCESS TO

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Traly Taylor | E-13981 | | A4.222 |

A. Describe Problem: I have been practicing my religion for over 30 years. I'm a Thelema follower. I have discourse with angles, thru in magick. Practicing my beliefs have been documented and allowed ...n in the department since 5-31-00 and every prison I'm transfered too I filed 602's to be allowed to practice in that prison and a program is set up so I may do so. this makes me have a genuine and sincere belief in my particular practice as mandated in Lafevers V Saffle (10th cir. 1991 936 F.2d 1117, 1118) I perform a religious ceremony call a wheel of love which is a departmentally approve religious ceremony which use Tobacco products. I have been using tobacco products from 1489 too date. Sec C section 5030.1 (a) mandate that the Director of Correction provide

If you need more space, attach one additional sheet.

B. Action Requested: a modification order issued - Prisoner Taylor / E-13981 while incarcerated in the Department of Corrections and Rehabilitation Shall be allowed receipt of Tobacco products/and c and rolling papers, 10 pounds minimum weight each, per order, exclusive of religious purchases. To be sent vendor's of Prisoner/Inmate choice. He Shall be allowed to receive, possess and use tobacco products for religious reason

Inmate/Parolee Signature: Tray Teeg   Date Submitted: 11-29-06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

**BYPASS**

Staff Signature: _____   Date Returned to Inmate: _____

D. FORMAL LEVEL    STAMPED IN ERROR

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

INITIAL BRANCH APPEALS    MAR 14 2007

_____

**BYPASS**

Signature: _____   Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

NOV 30 2008   DEC 21 2008   JAN 29 2007
16   1st AWLP   2ND APPEAL

Exhibit G

Exemption for Tobacco to inmate's for their departmentally approved of Religious ceremony. To not allow me to receive tobacco products when the Department own Rule's mandate that the director provid allow me to purchase Tobacco products, will force me to forego my religious precepts (a violation of Midrash Sephardi, Inc - V- Town of Surfside (11th Cir. 2004) 366. F. 3d 1214, 1227). See 6. Section 5050.j (d) which mandate that the director allow me to purchase tobacco products. is an administrative regulation. and it has been well settled that an administrative regulation has the force of law, and is binding on the whole Department of Corrections and Rehabilitation (DOCR). (See. United States v. Nixon (1974) 418 U.S. 683, 695-696 [94 S.Ct. 3090; 41 L. Ed 2d 1039]; Atkins. V. Rivera (1986) 477 U.S. 154 [106 S.Ct. 2456; 91 L.Ed.2d 131]and, Agricultural Labor Relations Board V. Superior Court (1976) 16 Cal. 3d 392; 401 L. 128 Cal. Rptr. 183]. This means the DOCR must follow it's own rules, even when the DOCR perferred not to. because of the benefit resulting to prisoners. (See In Re Reina (1985) 171 Cal.App 3d 658 [217 Cal. Rptr. 535] and In re French (1980, 106 Cal.App. 3d 74,85, n. 24 [164 Cal. Rptr 807].

The Religious Land Use and Institutionalized Persons Act (RLUIPA), 42. U.S.C. Section 2000cc-1 (a) (1)- (2) et seq. mandate that I be given religious items to practice my Religion. In 2005 the legislature of California. banned tobacco products from the DOCR. this was soly done, or aimed at health in the workplace, and not banned because tobacco products pose a risk to the safty of the prison. this was clearly demonstrated when the legislature provided the exemption clause for tobacco products, in the law that bans tobacco from the DOCR. Therefore there is no compelling government interest to deny me access to tobacco products. The DOCR receives federal funding for it's prisons and thereby mandated to comply with the RLUIPA. I transfered with Tobacco in my religious property which shows I use it for religious reasons. Native American's are allowed to use it here at P.B.S.P. and to deny me would be discrimination based on religion.

Rule's governing this appeal is

Religious Land Use and Institutionalize Persons Act. 42. U.S.C, Section 2000cc-1 (a) (1)- (2). et seq.

Exhibit C
2 of 8

## FIRST LEVEL APPEAL RESPONSE

DATE:                                January 24, 2007
APPEAL NUMBER:                       PBSP-A - 07-00132
INMATE:                              Taylor,
CDCR NUMBER:                         E-13981
APPEAL DECISION:                     **DENIED**
APPEAL ISSUE (MODIFIED):

The inmate's request a Modification Order stating that while he is incarcerated in the Department of Corrections and Rehabilitation, that he be allowed to order by Special Religious Purchase, a minimum of 10 pounds of tobacco, pipe, and rolling paper.

FINDINGS:

Chaplain R.G. Bliesner was assigned to investigate your complaint at the First Level of Review. A review of your appeal, attachments, and prior staff responses has been completed. During the course of the investigation, the following information was noted:

On Saturday, January 20, 2007, Chaplain R.G. Bliesner, Protestant Chaplain, Pelican Bay State Prison (PBSP) called you over to the Facility A Chapel to conduct an interview and inform you of the Religious Review Committee's findings concerning your Thelema Religion issues. Chaplain Val Lemos, Native American Spiritual Leader was also present at the interview. You were told during the interview that you have not provided adequate justifications linking your stated religion, Thelema, and your inclinations toward magic ceremonies, to your religious property held at Receiving & Release (R&R) as essential elements to your religious practice. You communicated the importance of tobacco as essential to your practice of your magic ceremonies, but could not provide the information that connects the need for access to tobacco with the religion of Thelema. You did effectively explain the relationship of tobacco to a ceremony called the "Wheel of Love", but you could not connect this ceremony to your stated religion of Thelema. The inmate's request for 10 pounds of tobacco was grandiose in nature. 10 pounds of tobacco would last him for many years according to his explained needs.

I assured the inmate that it was PBSP's aim to provide the tools to every inmate that has a legitimate desire to practice his religion. The Religion Department is committed to help inmate Taylor when all of the details are worked out.

DETERMINATION OF ISSUE:

A thorough review of the allegation presented in this complaint has been completed. Based on the fact that you could not adequately link the use of tobacco with the religion of your choice, Thelema, and that no inmate at PBSP is permitted to order tobacco, a modification order is not necessary at this time, therefore, this appeal is **DENIED**.

S. L. KAYS
Facility Captain
Facility A

M. A. COOK
Associate Warden
General Population

Exhibit C
4 - of 8

| PELICAN BAY STATE PRISON |
| SECOND LEVEL REVIEW |

DATE:   MAR 0 6 2007

Inmate TAYLOR, E-13981
Pelican Bay State Prison
Facility A, General Population
Building 4, Cell 222

RE: WARDEN'S LEVEL DECISION                    APPEAL: DENIED
    APPEAL LOG NO. PBSP-A-07-00132              ISSUE: PROGRAM

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP).
R. Bliesner, Protestant Chaplain, interviewed the inmate on January 20, 2007, at the First Level of
Appeal Review.

## ISSUES

Inmate Taylor requests to possess tobacco products.

## FINDINGS

### I

The inmate claims he needs ten pounds of tobacco products to practice his Thelemaian faith.

### II

The California Code of Regulations, Title 15, Section 3210 (a), states that institution heads shall make
every reasonable effort to provide for the religious and spiritual welfare of all interested inmates, which
may include affording inmates with a reasonable accommodation.

## DETERMINATION OF ISSUE

Research of the Thelema religion was conducted at the Second Level of Review which resulted in
literature being obtained from the Metareligion internet site which states, *"Not every Thelemite utilizes
all the practices available, there is considerable room for each individual practitioner to choose
practices which are suitable to his or her individual needs. Some of these practices are.....prayer,
meditation, study of religious texts (those of Thelema and of other religions as well), chanting, symbolic
and initiatory ritual, devotional exercises, self-discipline, etc. "* According to Thelemic doctrine, the
expression of Divine Law is to "discover one's True Will or true purpose in life, and to accomplish it;
leaving others to do the same in their own unique way."

As a result, a determination has been made that there is insufficient documentation to support the
inmate's claims that tobacco products are required to practice the Thelemaian faith to justify a
reasonable accommodation; therefore, the APPEAL IS DENIED.



Exhibit C
5-of 8

Supplement Page 2
TAYLOR, E-13981
Appeal # PBSP-A-07-00132

Page 3 io
16

## MODIFICATION ORDER

No modification of this action or decision is required.

ROBERT A. HOREL
Warden

BDS #51 2-28-07

Exhibit - C
6 - OF 8

C-FILE

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

Pg 25

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    JUN 1 1 2007

In re:    Taylor, E-13981
          Pelican Bay State Prison
          P.O. Box 7000
          Crescent City, CA 95531-7000

Exhibit - I

IAB Case No.: 0611602        Local Log No.: PBSP 07-00132

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT: It is the appellant's position that the Pelican Bay State Prison (PBSP) has inappropriately denied him the ability to practice his religion "thelema." The appellant asserts that he has been practicing this religion for thirty years, and at other institutions he was allowed to possess tobacco. The appellant contends that the tobacco is used in a religious ceremony. The appellant requests to obtain ten (10) pounds of tobacco to be used for religious ceremonies.

II    SECOND LEVEL'S DECISION: The reviewer found that the appellant was unable to articulate the nexus between his religion, thelema, and a requirement that tobacco be used during a religious ceremony. The reviewer noted that the basic tenets of the thelema religion dictate that the follower may not utilize all practices that are available to other thelemites and there is considerable room for each individual practitioner to choose practices which are suitable to their individual needs. Some of the practices are prayer, meditation, study of religious texts, chanting, symbolic and initiatory ritual, devotional exercises, self discipline, etc. The reviewer found that the appellant's request for 10 pounds of tobacco was grandiose in nature; and the appellant's assertion that the tobacco was used for a "wheel of love" ceremony was not supported by the basic tenets of the thelema literature. The reviewer noted that the PBSP would assist the appellant relative to the practice of his religious beliefs; however, the appellant's request for tobacco is denied.

III    DIRECTOR'S LEVEL DECISION: Appeal is denied.

A. FINDINGS: The Director's Level of Review (DLR) contacted B. Smith, Community Resources Manager, relative to the appellant's appeal. Mr. Smith stated that the use of tobacco in Native American Indian (AMI) ceremonies is well documented and is recognized as a long standing ritual. The use of tobacco in thelema ceremonies is not historically documented as a standard practice. Mr. Smith noted that the tobacco used by the AMI is extremely regulated in that the AMI spiritual advisor maintains possession and control over all tobacco and only provides AMI inmates the minimum amount required to use during the ceremony. Additionally, the AMI inmates must practice their ceremony in a secure setting away from other inmates. The appellant's request to possess ten pounds of tobacco is contrary to penological interests in that the tobacco would not be secure. Mr. Smith noted that the appellant is free to practice his religion utilizing some other less restrictive means.

The documentation and arguments are persuasive that the appellant has failed to support his appeal issues with sufficient evidence or facts to warrant a modification of the Second Level of Review. The DLR concurs with the PBSP position and the information provided by Mr. Smith. The DLR notes that since tobacco has been banned in the CDCR institutions its value has dramatically increased and the inmate population is smuggling tobacco into the institution's secure perimeter. Tobacco in the institution may be sold for as much as $5.00 per cigarette, and based upon this high profit margin the inmate population has resorted to extreme measures to obtain tobacco. The appellant's request to possess ten pounds of tobacco, without any staff supervision, would present an extreme security violation in that the appellant could sell some of the tobacco, or other inmate's may forcefully take the tobacco from the appellant. The DLR finds that CDCR has a legitimate penological interest to deny the appellant access to tobacco. The



TAYLOR, E-13981
CASE NO. 0611602
PAGE 2

appellant has been advised that other less restrictive means are available for the practice of his religion. Therefore no relief is provided at the DLR.

B.  BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3000, 3001, 3006, 3187, 3188, 3189, 3210, 3270, 3380
CDC Operations Manual Section: 53040

C.  ORDER:  No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, PBSP
        Appeals Coordinator, PBSP

## PROOF OF SERVICE BY MAIL

*(C.C.P. Sec. 101a #2015-5, U.S.C. Sec. 1746)*

I, __Tracy Taylor__, am a resident of Pelican Bay State Prison, in the County of

Del Norte, State of California. I am over the age of eighteen (18) years and am a party to this action.

My State Prison address is: Pelican Bay State Prison, P.O. Box 7500, Housing Unit __A5__ Cell

Number __124__, Crescent City, CA 95532-7500.

On the __14__ day of __August__, __2008__, I served the following (set forth the exact

title of document(s) served):

__three Copies of Second Amended Complaint__

__For damages: Demand for Jury TRAil__

On the party(s) herein by placing a true copy(s) thereof, enclosed in a sealed envelope(s), with

postage thereon fully paid, in the United States mail, in a receptacle so provided at Pelican Bay State

Prison, Crescent City, CA 95532, and addressed as follows:

Office of the Clerk,
U.S. District Court
Northern District of
California

450 Golden Gate Avenue

San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct:

_____        __8-14-08__
Inmate Signature                           Date

UNITED STATES POSTAGE

$ 02.36⁰
PITNEY BOWES
AUG 15 2008
FROM ZIP CODE 95531

02
00
MF

PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City CA 95532

RECEIVED

AUG 1 8 2008    MHP

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NAME:  Tracy Taylor

CDC NO.  E-13981  HOUSING:  A5-124

PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA  95532

OFFice of the Clerk, U.S. District Court

Northern District of California

450 Golden Gate Avenue

San Francisco, Ca  94102

PELICAN BAY
G.P. UNIT A-5

LEGAL MAIL



c/o LT 8-14-08