UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY LEE TAYLOR, | No. C 07-6380 MHP (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| N. GRANNIS, etc.; et al., | |
| Defendants. | |

**INTRODUCTION**

Tracy Lee Taylor, an inmate at Pelican Bay State Prison, filed this pro se civil rights action concerning interference with his religious freedom. The court reviewed his amended complaint and dismissed it with leave to amend. Taylor's second amended complaint is now before the court for review under 28 U.S.C. §1915A, which requires the court to identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

**DISCUSSION**

The Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental

interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

Taylor contends in his second amended complaint claims that his rights under RLUIPA have been violated. Taylor alleges that, after his arrival at Pelican Bay, he sought permission to have tobacco products for his religious ceremony. He alleges that prison chaplain R. G. Bliesner told him on January 20, 2007 that his request for tobacco products was denied because he had not effectively explained the relationship between tobacco and the "Wheel of Love" ceremony in his religion. Taylor further alleges that defendants M.A. Cook, Robert Horel, and Nola Grannis rejected Taylor's inmate appeals for tobacco products for his religious ceremony. Liberally construed, the second amended complaint states a claim against all four defendants for a violation of Taylor's rights under RLUIPA.

As to those defendants who denied Taylor's inmate appeals, their liability would arise from the alleged denial of Taylor's requests pertaining to an ongoing need for religious articles, and would be liability under RLUIPA. Their liability is <u>not</u> for a procedural due process violation, because a prisoner has no due process right to a properly functioning inmate appeal system. <u>See</u> <u>Smith v. Noonan</u>, 992 F.2d 987, 989 (9th Cir. 1993). If the defendants who denied inmate appeals had only denied appeals about a problem that had already occurred and was complete (e.g., a use of force that occurred earlier), there would be no liability for a constitutional violation; however, where the problem is an ongoing constitutional or RLUIPA violation and the request is made in an inmate appeal to remedy the ongoing problem, liability for that problem can be based on the denial of an inmate appeal, just as it could be based on the denial of a verbal request from the inmate. <u>See generally</u> <u>Jett v. Penner</u>, 439 F.3d 1091, 1098 (9th Cir. 206) (supervisor may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's request for help).

When it dismissed the first amended complaint with leave to amend, the court instructed Taylor that he needed to make certain allegations to cure his inadequately-pled claims for a violation of the Free Exercise Clause of the First Amendment's right to freedom

2

of religion and for retaliation. Taylor did not attempt to allege a Free Exercise or a retaliation claim in his second amended complaint. Those claims therefore are dismissed.

**CONCLUSION**

For the foregoing reasons,

1. Plaintiff has stated a cognizable claim under RLUIPA against chaplain Bliesner, associate warden Cook, warden Horel, and inmate appeals chief Grannis. All other defendants and all other claims are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the second amended complaint, the order of dismissal with leave to amend, and this order upon the following four defendants:

R. G. Bliesner (chaplain at Pelican Bay State Prison)
M. A. Cook (associate warden at Pelican Bay State Prison)
Robert Horel (warden at Pelican Bay State Prison)
Nola Grannis (inmate appeals chief at CDCR in Sacramento).

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a. No later than **June 12, 2009**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **July 24, 2009**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment

3

that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

    c.    If defendants wish to file a reply brief, they must file and serve the reply brief no later than **August 7, 2009**.

4.    All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

6.    Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7.    Plaintiff's motion for leave to amend is GRANTED. (Docket # 6.) The court has considered his second amended complaint.

IT IS SO ORDERED.

Dated: March 11, 2009

                                                                                Marilyn Hall Patel
United States District Judge