UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY LEE TAYLOR, | No. C 07-6380 MHP (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| N. GRANNIS, etc.; et al., | |
| Defendants. | |

## INTRODUCTION

This is a pro se prisoner's civil rights action in which the plaintiff complains that defendants have interfered with his religious freedom. The matter is now before the court for consideration of plaintiff's motion for leave to file a third amended complaint and defendants' motion for the court to screen that proposed pleading. For the reasons discussed below, the court will deny leave to file a third amended complaint, deem the second amended complaint amended to include a request for injunctive relief, and set a briefing schedule for the filing of dispositive motions.

## BACKGROUND

Plaintiff filed a complaint and, before the court reviewed it, filed an amended complaint concerning problems he encountered at Pelican Bay State Prison in his efforts to obtain tobacco for use in religious ceremonies. The court reviewed his amended complaint, dismissed it with leave to amend, and gave him specific directions as to the deficiencies he needed to cure.

He then filed a second amended complaint, which the court reviewed and ordered

served on four defendants. The court found cognizable a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, against defendants Bliesner, Cook, Horel and Grannis for denial of his requests to have tobacco products for his religious ceremony. Order Of Service, p. 2. The court dismissed the First Amendment claim, stating:

> When it dismissed the first amended complaint with leave to amend, the court instructed Taylor that he needed to make certain allegations to cure his inadequately-pled claims for a violation of the Free Exercise Clause of the First Amendment's right to freedom of religion and for retaliation. Taylor did not attempt to allege a Free Exercise or a retaliation claim in his second amended complaint. Those claims therefore are dismissed.

Order Of Service, pp. 2-3.

Plaintiff now wants to file a third amended complaint. His third amended complaint (1) names three new defendants, at least one of whom "will be leaving [her] position soon" and will require further amendment to add yet another defendant, TAC, p. 2; (2) adds a First Amendment claim without explaining why he had failed to include it in his second amended complaint a year earlier; (3) adds numerous allegations about events that occurred at a different prison (i.e., Kern Valley State Prison) after he filed this action; and (4) adds a request for injunctive relief to the prayer for relief. See Third Amended Complaint (docket # 22).

## DISCUSSION

Federal Rule of Civil Procedure 15(a) permits a party to amend with leave of court, and provides that the "court should freely give leave when justice so requires." See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994); cf. id. (attempt to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be based upon good cause). Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. See id.; Roberts v. Arizona Bd. of Regents, 661 F.2d 796, 798 (9th Cir. 1981). A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously filed an amended complaint. Wagh v. Metris Direct, Inc., 363 F.3d

1 821, 830 (9th Cir. 2003), overruled on other grounds by Sybersound Records, Inc. v. UAV
2 Corp., 517 F.3d 1137 (9th Cir. 2008).

The court may permit a party to serve supplemental pleadings "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). The power to grant supplemental pleadings is discretionary and "upon such terms as are just." Id.

The interests of justice do not support granting leave to file the third amended complaint. First, the new pleading would create undue delay in this case which is almost three years old because the court and the parties would have to wait several months while the new defendants are served with process. Second, if amendment is allowed for the events at plaintiff's new prison, amendment likely will have to be allowed every time plaintiff is moved to a new prison and that could result in repeated delays. Third, plaintiff already abandoned his First Amendment claim. That claim was dismissed earlier because plaintiff did not comply with the court's order of dismissal with leave to amend; in his third amended complaint, he simply adds it back without explaining why he chose not to plead it in his second amended complaint in compliance with the court's order. It is not in the interest of justice to allow litigants to ignore court orders and deadlines. Third, plaintiff has already filed an original complaint, a first amended complaint, and a second amended complaint, and offers no explanation of why he needs to further amend with regard to the original defendants at this late date. Fourth, the claims against the new defendants about events at the different prison occurring after this action was filed (which are more in the nature of a supplemental rather than an amended pleading) do not appear to be properly joined. While there are some common questions of law, the facts for the claims against the new defendants will be different, as they concern prison officials' actions at a separate prison in response to a separate requests for tobacco. The administrative appeal response attached to the second amended complaint suggests that one of the main motivators for the original defendants' denial of plaintiff's request for tobacco was the deficiency in the information plaintiff provided to Pelican Bay officials about his religion and the role of tobacco in it. The facts

3

regarding plaintiff's request at his new prison would be different. Fifth, adding the new defendants and new claims would introduce a difficult procedural issue that does not exist for the claims against the existing defendants. It is at least questionable whether the exhaustion statute would require the dismissal of the new defendants and claims because the operative facts – and, therefore, any exhaustion efforts -- did not occur before this action was filed. The statute requires that prison administrative remedies be exhausted before the action is filed rather than during the pendency of the action. See 42 U.S.C. § 1997e; McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

There is one part of the proposed third amended complaint that can be added by amendment to the second amended complaint: the request for injunctive relief. In his second amended complaint, plaintiff's prayer for relief requested declaratory relief, damages, and "such additional relief as this court may deem just and proper." Second Amended Complaint, p. 7. In his third amended complaint, plaintiff's prayer for relief added a request for permanent injunctive relief "in the form of allowing plaintiff to receive from outside via first class mail tobacco products. Taylor shall be allowed to possess and use the tobacco products for religious reasons." Third Amended Complaint, p. 12. The court will permit the amendment, and deem the second amended complaint amended to include a request for injunctive relief. Plaintiff does not need to add the officials at his new prison as defendants to make his injunctive relief request meaningful. One of the existing defendants (i.e., Grannis) is the chief of inmate appeals at the CDCR headquarter and injunctive relief against her likely would cover plaintiff at whatever CDCR prison he resides.

## CONCLUSION

Defendants' motion for the court to screen the third amended complaint is GRANTED. (Docket # 23.) This order does the requested screening.

Plaintiff's motion for leave to file a third amended complaint is DENIED. (Docket # 21.) The court will permit an amendment to the second amended complaint to add a request for injunctive relief. The second amended complaint is deemed amended to include a request for an injunction compelling defendants to allow plaintiff to receive tobacco products for use

4

in religious services. With that amendment, the second amended complaint remains the operative pleading.

In order to move this case toward resolution, the court sets the following new briefing schedule for dispositive motions.

1. No later than **June 18, 2010**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

2. No later than **July 23, 2010**, plaintiff must file and serve on respondent's counsel his opposition to the summary judgment or other dispositive motion. In preparing his opposition, plaintiff should bear in mind the notice and warning regarding summary judgment in the order of service.

3. No later than **August 9, 2010**, defendants must file and serve any reply brief.

Due to the advanced age of this case and the narrowness of the issues remaining for adjudication, the parties should not expect to receive extensions of any of the deadlines set above except upon a specific showing of good cause.

IT IS SO ORDERED.

Dated: 4/30/2010

_____
Marilyn Hall Patel
United States District Judge