UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY LEE TAYLOR, | No. C 07-6380 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| N. GRANNIS; et al., | |
| Defendants. | |

# INTRODUCTION

In this pro se prisoner's civil rights action, Tracy Lee Taylor complains that defendants have interfered with his religious freedom. Defendants now move to dismiss the action, arguing that Taylor's claims are barred by the doctrine of res judicata. For the reasons discussed below, the court grants the motion and dismisses the action.

# BACKGROUND

This is the third action filed by Taylor in which he complains about the denial of his requests to use and possess tobacco in prison for religious purposes. All three actions will be described. Although it is the Del Norte action that has res judicata effect, the earlier Sacramento action also is described because the court in the Del Norte action followed up on an order issued in the Sacramento action.

A. Federal Court Action

The operative pleading in this action is the second amended complaint. Taylor contended in his second amended complaint that his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, were violated. Taylor alleged that, after his arrival at Pelican Bay State Prison, he sought permission to have

tobacco products for his "Wheel of Love" religious ceremony.  He alleged that prison chaplain R. G. Bliesner told him on January 20, 2007 that his request for tobacco products was denied because he had not effectively explained the relationship between tobacco and the "Wheel of Love" ceremony in his religion.  Taylor further alleged that defendants M.A. Cook, Robert Horel, and Nola Grannis rejected Taylor's inmate appeals for tobacco products for his religious ceremony.  Cook was the associate warden and Horel was the warden at Pelican Bay.  Grannis was the chief of inmate appeals for the CDCR.

The court liberally construed the second amended complaint and determined that it stated a claim against all four defendants (i.e., Bliesner, Cook, Horel and Grannis) for a violation of Taylor's rights under RLUIPA.  Order of Service, p. 2.  Because Taylor did not attempt to allege a claim for a violation of the Free Exercise Clause of the First Amendment in his second amended complaint, the court dismissed that claim.  See Order of Service, pp. 2-3.  Thus, the only claim in this action is an RLUIPA claim.

B.  State Court Activity

1.  Habeas Proceedings In Sacramento County

On April 27, 2005, Taylor filed a petition for writ of habeas corpus in the Sacramento County Superior Court, In re. Tracy Lee Taylor, Sacramento County Superior Court No. 05F03960 ("the Sacramento action").  Defendant's Request For Judicial Notice ("RFJN"), Ex. A.  Taylor – who was then housed at California State Prison-Sacramento – alleged that he was being denied access to tobacco in violation of his rights under RLUIPA and the First Amendment.  Taylor alleged that he needed tobacco for the "Wheel of Love" ceremony.

The Sacramento County Superior Court issued an order to show cause on the petition and respondent filed a return.  RFJN, Exs. B, C.  Counsel was appointed for Taylor.  RFJN, Ex. D.  Although counsel was appointed for him, Taylor filed his own denial and exception to respondent's return.  RFJN, Exs. E and F.  Taylor's counsel later filed a traverse.  RFJN, Ex. G.

On February 22, 2006, the Sacramento County Superior Court granted in part and denied in part the petition, and remanded the matter "to prison officials with directions that

1  they reevaluate petitioner's claim for tobacco under" RLUIPA.  RFJN, Ex. H, p. 1.  That
2  court explained that RLUIPA required prison officials to evaluate the request for tobacco
3  under the "least restrictive means" test and that the administrative record did not indicate that
4  the test had been applied to Taylor's case.  I. at 6.  Hence, the remand for re-evaluation.  No
5  appeal was taken from this order, and the parties have not presented evidence that any further
6  substantive proceedings took place in the Sacramento action.  Sometime after the order was
7  issued, Taylor was transferred to Pelican Bay.

   2.     Habeas Proceedings In Del Norte County

On June 22, 2007, Taylor filed a petition for writ of habeas corpus in Del Norte County Superior Court, In re. Tracy Taylor, Del Norte County Superior Court Case No. HCPB07-5105 ("the Del Norte action").  Taylor alleged in this petition that during his incarceration at Pelican Bay he was being denied access to tobacco in violation of RLUIPA and the First Amendment.  He alleged that he needed tobacco for the "Wheel of Love" ceremony in his religion.  RFJN, Ex. I.

The Del Norte court issued an order to show cause regarding the petition and appointed counsel for Taylor.  RFJN, Ex. J.  Respondent filed a return to the order to show cause.  RFJN, Ex. K.  Taylor's counsel filed a denial to the return.  RFJN, Ex. L.

On October 12, 2007, the court granted the habeas petition.  The superior court examined Taylor's claims under RLUIPA, explained that "this Court does not intend to re-litigate the issues decided last year in Sacramento."  RFJN, Ex. M

> The Department is ordered to make tobacco available for Petitioner's use during the Wheel of Love ceremony.  The Court would expect that the amounts and frequency of the use would be consistent with that used by other inmates for religious purposes.  Nothing in this order should be interpreted to require the Department to purchase the tobacco at its expense nor to allow the petitioner to keep the tobacco in his cell.

Id.  The court denied Taylor's request to have 10 pounds of tobacco in his cell for use at all times.  Id.  Respondent did not appeal this order.

Taylor then filed this action on December 17, 2007.

**VENUE AND JURISDICTION**

Venue is proper in the Northern District of California because some of the events or

omissions giving rise to the claims occurred in Del Norte County, which is located within the Northern District. See 28 U.S.C. §§ 84, 1391(b). This Court has federal question jurisdiction over this action brought under 42 U.S.C. § 1983. See 28 U.S.C. § 1331.

## LEGAL STANDARD FOR RULE 12(b)(6) MOTIONS

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss on the ground that there is a "failure to state a claim upon which relief may be granted." A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)). The court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007), and must construe pro se pleadings liberally, Hebbe v. Pliler, 611 F.3d 1202, 1205 (9th Cir. 2010). The court need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988, amended, 275 F.3d 1187 (9th Cir. 2001). In considering a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. See MGIC Indemn. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

## DISCUSSION

The federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel. See Allen v. McCurry, 449 U.S. 90, 94 (1980). Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. See Montana v. United States, 440 U.S. 147, 153 (1979). Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. See id.

The federal full faith and credit statute, 28 U.S.C. § 1738, requires that a federal court give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). In California, a final judgment in state

4

court "'precludes further proceedings if they are based on the same cause of action.'" Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009) (quoting Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004)).

Here, Taylor pursued the same cause of action in state court as here: violation of his right under RLUIPA to have tobacco for use in his religious ceremony. See Brodheim, 584 F.3d at 1268. Taylor's argument in opposition to the motion to dismiss that his second amended complaint has a different scope than that of the habeas petition in Del Norte fails to persuade the court. Both the Del Norte petition and the federal second amended complaint focused on Taylor's need for tobacco for the Wheel of Love ceremony. See SAC at ¶¶ 13-14; RFJN, Ex. I at ¶¶ 7, 10, 14. Both urged that he needed to possess ten pounds of tobacco. SAC at ¶ 16; Exh. I at ¶ 18 and § V. 4 (request for relief). Both were based on the denial of the request for tobacco he made to defendant Chaplain Bliesner, and the later rejection of his inmate appeal about that denial (i.e., CDC-602 log # PBSP-A-07-00132) by defendants Cook, Horel, and Grannis – who signed the first level appeal response, the second level appeal response, and the third level appeal response, respectively. See SAC at ¶¶ 14-16 and Ex. C thereto; RFJN, Ex. I at ¶¶ 14, 18. In sum, the Del Norte action and this action involve the same injury to the plaintiff and the same wrong by the same prison officials, even though the form of the action in state court (i.e., a habeas petition) led Taylor to identify as the adverse party his custodian and the CDCR rather than the alleged individual wrongdoers. The defendants are in privity with the respondent in the state habeas action. See Citizens For Open Access To Sand And Tide, Inc. v. Seadrift Ass'n, 60 Cal. App. 4th 1053, 1069 (Cal. Ct. App. 1998) (privity refers "'to a mutual or successive relationship to the same rights of property, or to such an identification in interest of one person with another as to represent the same legal rights.'") The Del Norte County Superior Court's order granting the petition was final and on the merits. See In re Crow, 4 Cal. 3d 613, 623 (Cal. 1971) (order granting habeas petition is considered a final order for res judicata purposes).

The doctrines of res judicata and collateral estoppel do not apply "when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to

5

litigate the claim or issue. . . . 'Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation.'" Kremer v. Chemical Constr. Corp., 456 U.S. 461, 480-81 & n.22 (1982) (citations omitted). In enacting § 1738, Congress intended that federal courts give preclusive effect to state court judgments whenever the courts of the State from which the judgment came would do so – accepting the rules chosen by the State from which the judgment came rather than employing their own rules of res judicata. "The State must, however, satisfy the applicable requirements of the Due Process Clause. A State may not grant preclusive effect in its own courts to a constitutionally infirm judgment, and other state and federal courts are not required to accord full faith and credit to such a judgment." Kremer, 456 U.S. at 482 (footnote omitted). Where the federal court is considering the preclusive effect of a state court judgment under 28 U.S.C. § 1738, "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law." Kremer, 456 U.S. at 481.

Taylor had an opportunity for full and fair litigation of his RLUIPA claim that he had not been allowed to allow him to possess and use tobacco for his religious ceremony. In the Del Norte action, the court found that Taylor had made a sufficient showing to require a formal response from the CDCR, and ordered the CDCR to show cause in the superior court as to why relief should not be granted. The superior court even appointed counsel for Taylor. The parties submitted evidence and argument, and then the court issued its decision. The Del Norte court ordered the CDCR to allow Taylor to possess and use tobacco for his religious ceremony.

The fact that the earlier litigation was a state habeas proceeding does not exempt the case from the principles of res judicata. See Silverton, 644 F.2d at 1347. "[B]ecause of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards." Silverton v. Dept. of the Treasury, 644 F.2d 1341, 1347 (9th Cir. 1981). Taylor had that full

6

and fair opportunity for the issue to be heard and litigated under federal standards. The fact that damages may have been unavailable in the state habeas proceeding does not matter. See City of Los Angeles v. Superior Court, 85 Cal. App. 3d 143, 151 (Cal. Ct. App. 1978 (litigant "cannot avoid impact of rule against splitting causes of action by choosing for his first foray a tribunal of limited jurisdiction.")

Under California law, res judicata prevents the prevailing party, as well as the losing party, from returning to the well. "[A]ll claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date. Res judicata precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief. . . . A predictable doctrine of res judicata benefits both the parties and the courts because it seeks to curtail multiple litigation causing vexation and expense to the *parties* and wasted effort and expense in *judicial administration*." Mycogen Corporation v. Monsanto Co., 28 Cal. 4th 888, 897 (Cal. 2002) (citations and internal quotation marks omitted, emphasis in source). In Mycogen, the court held that the plaintiff who prevailed in an action for declaratory relief and specific performance of a contract could not pursue damages in a subsequent action for breach of that same contract. Res judicata barred the second action for damages. See id. at 904; accord Hatch v. Bank of America N.T. & S.A., 182 Cal. App. 2d 206, 210-11 (Cal. Ct. App. 1960) (prevailing plaintiff in quiet title action who received judgment determining his claim was superior and that he was entitled to immediate judgment was barred by res judicata from pursuing second action for damages sustained during time he was deprived of use of property).

Under California law, Taylor could not pursue an action for damages in California because he already received a favorable adjudication in the earlier action he filed on the same cause of action. Res judicata bars Taylor from relitigating the RLUIPA claim because the same cause of action is being pursued, Taylor is the same party as in the earlier case, and the adjudication of the petition was final and on the merits. The Del Norte County Superior Court's decision finally and conclusively resolved his RLUIPA claim on the merits. The

present action must be dismissed.

Taylor argues that the motion to dismiss should be denied because this court already determined that he stated a cognizable RLUIPA claim. Although the *possibility* of a res judicata problem was apparent in Taylor's filings, it is only by taking judicial notice of the state court filings submitted by defendants that this court has enough of a record to determine that the complaint is barred by res judicata. The court "may take judicial notice of proceedings in other courts, both within and without the federal judiciary system, if those proceedings have a direct relation to matters at issue." Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted). The court grants defendants' request for judicial notice of defendants' Exhibits A-M, which are documents filed in the Del Norte action and Sacramento action in state court.

## CONCLUSION

Defendants' motion to dismiss is GRANTED. (Docket # 27.) This action is barred by res judicata and therefore is dismissed. In light of the dismissal of this action, plaintiff's motion for a preliminary injunction is DENIED. (Docket # 37.) The clerk shall close the file.

IT IS SO ORDERED.

Dated: October 28, 2010

Marilyn Hall Patel
United States District Judge